IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL L. WEEDON | * | |
|     Petitioner, | | |
| v. | * | CIVIL ACTION NO. WDQ-10-2522 |
| UNITED STATES OF AMERICA | * | |
|     Respondent. | | |
| | *** | |

## **MEMORANDUM**

On September 18, 2010, Michael L. Weedon ("Weedon"), a resident of Frederick, Maryland, filed a letter seeking expungement of his federal felony conviction for drug conspiracy so as to gain a new job opportunity. Paper No. 1. He claims that: at the time of the offense he was young and immature; he has not been in trouble since then; he has three young children and would like to obtain gainful employment to provide for them and to provide them a positive role model; and potential employers are unable to hire him because of his conviction.

Weedon pled guilty to the offense of conspiracy to distribute 50 grams or more of a substance or mixture which contains a cocaine base and was sentenced on February 27, 2003, to forty-eight months in the Bureau of Prisons and three years of supervised release. *See United States v. Weedon*, Criminal No. S-01-0550 (D. Md.). According to the Bureau of Prisons inmate locator he was released from confinement on October 7, 2005.

The document was treated as a mandamus petition for expungement. The Court notes that a convicted defendant may only seek expungement of criminal records through the executive branch of government by means of a pardon. The Court has no discretionary authority to review and consider Weedon's request for expunction. While the district court possesses ancillary jurisdiction

1

to expunge criminal records for "equitable considerations," such jurisdiction is limited to expunging the record of an *unlawful* arrest or conviction or to correct a clerical error. *See United States v. Gary*, 206 F.Supp.2d 741 (D. Md. 2002). A district court does not have ancillary jurisdiction in a criminal case to expunge an arrest or conviction record where the sole basis alleged by the defendant is that he or she seeks equitable relief, i.e., to enhance a defendant's employment opportunities.[1] *Id*.

This court is cognizant of Petitioner's wish to obtain further advancement. It further acknowledges that in a post 9-11 world, background checks for employment may be more all-encompassing as to raise the bar on prior criminal court action. Nonetheless, the record simply does not support expungement of Petitioner's 2003 conviction for equitable considerations. There is no information or argument before this Court showing that Petitioner's arrest was constitutionally unlawful. Mandamus relief shall be denied A separate Order follows.


Date: <u>September 28, 2010</u>          /s/
                                 William D. Quarles, Jr.
                                 United States District Judge

---

[1] The power to expunge a record of a valid arrest and conviction on equitable grounds must be declared by Congress as the "Constitution prohibits federal courts from expanding their own subject matter jurisdiction." *United States v. Gary*, 206 F.Supp.2d at 741.